(No. 107707.—

CAROLYN GARDNER, Appellant, v. MARGIE MULLINS *et al.* (Theodore Biondo, Appellee).

*Opinion filed September 24, 2009.*

John M. Nelson, Rene Hernandez and Daniel Lewandowski, all of Rockford, for appellant.

John J. Holevas and Joel M. Huotari, of Williams-McCarthy, LLP, of Rockford, for appellee.

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

### INTRODUCTION

Section 25—11 of the Election Code requires that a vacancy in an elective county office be filled by appointment within 60 days of the vacancy's occurrence. 10 ILCS 5/25—11 (West 2006). Ordinarily, a person appointed to fill such a vacancy would serve the remainder of the original term. However, the appointment will be only until the next general election "if more than 28 months remain in the term." 10 ILCS 5/25—11 (West 2006). The question presented by this case is whether this 28-month remainder is calculated from the date the vacancy occurs or from the date a replacement is appointed. The trial court held that time is calculated from the date the vacancy occurs. The appellate court, in a summary order, reversed and held that the time is calculated from the date the replacement is appointed. For the following reasons, we now reverse the judgment of the appellate court and reinstate the judgment of the trial court.

### BACKGROUND

Mary Ann Aiello, a member of the Winnebago County board (board), passed away on June 26, 2008. Her term was set to expire on December 6, 2010. Thus, at the time of her death, 29 months and 10 days remained in her term. Her death created a vacancy that, pursuant to statute, had to be filled by appointment within 60 days.

10 ILCS 5/25—11 (West 2006). On August 14, 2008, Theodore Biondo was appointed by the board to fill Aiello's vacant seat. By the time Biondo was appointed, 27 months and 22 days remained in Aiello's term.

The difference between the manners of calculating the time remaining in the term brings this case before the court. If the time remaining is to be judged from the time of the occurrence of the vacancy, more than 28 months remained and an election was necessary. If the time is measured from the time of the appointment, less than 28 months remained in the term and there was no need for an election.

On September 3, 2008, the Winnebago County Democratic Party filed with the Winnebago County clerk, Margie Mullins, the names of candidates for various offices that were to be placed on the ballot for the November 4, 2008, election. Among these names was the name of Carolyn Gardner. Gardner's name was submitted as the Democratic candidate to fill Aiello's seat for the remainder of her unexpired term. The Green Party did not submit a candidate for Aiello's seat. Biondo states that neither he nor the Winnebago County Republican Party submitted his name to be placed on the ballot, as they believed that he had been appointed to serve until the end of Aiello's term in 2010 because his appointment was for less than 28 months. Biondo states that this belief was "fostered by the advice of [Mullins] and of the Winnebago State's Attorney's Office." Biondo asserts that both Mullins and the State's Attorney's office informed him that because his appointment was for less than 28 months, he "need not, indeed that he could not file" to have his name placed on the ballot as a candidate for Aiello's seat.[1]

---

[1]In the trial court, Biondo raised his reliance on the advice of Mullins and the State's Attorney's office to support his contention

Consistent with what Mullins told Biondo, and despite Gardner's name having been submitted as a candidate for Aiello's seat, Mullins refused to place Gardner's name on the ballot. Mullins stated that she would not place Gardner's name on the ballot because the length of time from Biondo's appointment to the end of Aiello's term was less than 28 months and, therefore, an election was not necessary. Thereafter, Gardner sought a writ of *mandamus* directing Mullins to place Gardner's name on the ballot.

On October 3, 2008, the trial court ruled in Gardner's favor and directed Mullins to place Gardner's name on the November 4 ballot as a candidate for Aiello's seat. After this order was entered, Biondo filed a petition to intervene in the case. This motion was granted over Gardner's objection. Biondo argued that his name should also be placed on the ballot. The trial court denied his motion. Thereafter, Biondo filed a motion to reconsider and a motion for a temporary restraining order to prevent the election for Aiello's seat from being held. The trial court denied Biondo's motions on October 27, 2008.

Two days later, on October 29, Biondo appealed the denial of his restraining order by filing a petition for interlocutory appeal as a matter of right pursuant to Supreme Court Rule 307 (188 Ill. 2d R. 307). Gardner objected and filed a motion to dismiss the appeal, arguing that the appellate court lacked jurisdiction to hear Biondo's appeal. On November 3, 2008, the day before the election, the appellate court filed a summary order reversing the trial court's denial of Biondo's restraining order. The basis for the appellate court's judgment was

---

that his name should have been placed on the ballot along with Gardner's name. This argument was rejected by the trial court and was not raised on appeal.

that the 28-month time period of section 25—11 runs from the time of appointment, not from the time of vacancy. No. 2—08—1022 (unpublished order under Supreme Court Rule 23). Therefore, an election was not required and the restraining order should have been granted.

Because the appellate court order was entered the day before the scheduled election, there was not time to modify the ballots. Accordingly, the Winnebago County voters who resided in Aiello's district received ballots that asked them to cast a vote to fill Aiello's vacancy. Gardner was the only candidate on the ballot for this office. The parties represented that votes for Gardner were counted but that the results were not certified. Indeed, Biondo's counsel conceded that as Gardner was the only candidate on the ballot, she "won" the election, if such an election was required in the first instance.

Thereafter, Gardner filed a petition for leave to appeal to this court pursuant to Rule 315 (210 Ill. 2d R. 315). In her petition, Gardner asserts that the appellate court erred in its interpretation of section 25—11 or, in the alternative, that the appellate court lacked jurisdiction to reverse the trial court's denial of Biondo's restraining order. For the reasons that follow, we reverse the appellate court's order and remand the cause to the trial court for further proceedings consistent with this opinion.

## STANDARD OF REVIEW

There are two questions presented in this case. First, as a threshold matter, did the appellate court have jurisdiction to decide this case? Second, assuming that jurisdiction was present, was the appellate court's interpretation of section 25—11 proper? Both present questions of law and are, therefore, subject to *de novo* review. See *Cook County Republican Party v. Illinois State Board of Elections*, 232 Ill. 2d 231 (2009).

## ANALYSIS

### I. Jurisdiction

We begin our analysis with Gardner's alternative argument that the appellate court lacked jurisdiction.

Gardner asserts that the appellate court lacked jurisdiction because Biondo brought his appeal pursuant to Supreme Court Rule 307. Rule 307 is titled "Interlocutory Appeals as of Right." 188 Ill. 2d R. 307. Gardner asserts that this was an improper basis for Biondo's appeal, as there was nothing "interlocutory" about the appeal. She notes that the trial court had entered a final judgment in the case prior to Biondo's requesting a restraining order. Therefore, she argues that Rule 307 was inapplicable.

Biondo counters that he filed a motion to reconsider at the same time he filed the motion for a temporary restraining order and that both motions were denied at the same time in the same order. Therefore, he asserts that the appeal was allowed by Rule 307(d), as the motion for a restraining order was filed before the motion to reconsider was denied. 188 Ill. 2d R. 307(d). Rule 307(d) provides an expedited time table for a reviewing court to consider "the granting or denial of a temporary restraining order or an order modifying, dissolving, or refusing to dissolve or modify a temporary restraining order." 188 Ill. 2d R. 307(d).

Biondo's argument fails because Rule 307(d) is expressly limited to appeals that are interlocutory in nature. Biondo focuses his argument on the above-quoted language, which appears, in isolation, to provide a broad basis to appeal from the denial of any restraining order. However, this quotation is not complete. Following this quoted section, Rule 307(d) further states that an appeal brought under Rule 307(d) must also meet the requirements of Rule 307(a). 188 Ill. 2d R. 307(d) ("review of

\*\*\* a temporary restraining order \*\*\* as authorized in paragraph (a)''). Rule 307(a) in turn makes it clear that an appeal may be taken to the appellate court only "from an interlocutory order of court." 188 Ill. 2d R. 307(a). Therefore, to properly bring an appeal regarding a temporary restraining order pursuant to Rule 307(d), that appeal must be interlocutory in nature.

In the present case, Biondo filed a motion for a temporary restraining order after final judgment on the case had been entered. Contrary to Biondo's argument, the filing of a motion to reconsider has no effect on the finality of an otherwise final judgment. See *Stoneridge Development Co. v. Essex Insurance Co.*, 382 Ill. App. 3d 731 (2008). Because final judgment had been entered, Biondo's appeal under Rule 307 was inappropriate as it was not interlocutory in nature.

However, despite Biondo's appeal having been brought pursuant to an improper rule, this does not divest the appellate court of jurisdiction in this case. The appellate court has jurisdiction to hear appeals of final judgments. Ill. Const. 1970, art. VI, §6. Because this appeal is from a final judgment, Biondo's appeal would have been proper if brought pursuant to Rule 301, as an appeal as of right. 155 Ill. 2d R. 301. Further, instead of filing for a temporary restraining order, Biondo could have properly moved to stay the circuit court's judgment pending appeal pursuant to Rule 305 (210 Ill. 2d R. 305). Though the appellate court would have been well within its authority to dismiss Biondo's appeal for failing to cite the appropriate rule, his error was not sufficient to divest the appellate court of jurisdiction where the court otherwise had jurisdiction.

## II. Section 25—11 of the Election Code

Having found that the appellate court had jurisdiction to consider Biondo's appeal, we now address the

proper interpretation of section 25—11 of the Election Code.

Section 25—11 of the Code provides:

"When a vacancy occurs in any elective county office, *** the county board *** shall declare that such vacancy exists and notification thereof shall be given to *** each established political party within 3 days of the occurrence of the vacancy. The vacancy shall be filled within 60 days by appointment of the chairman of the county board ***. *** The appointee shall be a member of the same political party as the person he succeeds was at the time of his election and shall be otherwise eligible to serve. The appointee shall serve the remainder of the unexpired term. However, if more than 28 months remain in the term, the appointment shall be until the next general election at which time the vacated office shall be filled by election for the remainder of the term." 10 ILCS 5/25—11 (West 2006).

The resolution of this case depends upon the proper interpretation of this statute.

The primary objective in statutory interpretation is to give effect to the intent of the legislature. *Harshman v. DePhillips*, 218 Ill. 2d 482, 493 (2006). The most reliable indicator of the legislature's intent is the language of the statute, given its plain, ordinary, and popularly understood meaning. *Illinois Department of Healthcare & Family Services v. Warner*, 227 Ill. 2d 223, 229 (2008). In determining the meaning of a statute, the statute "should be read as a whole with all relevant parts considered." *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990).

Gardner contends that the plain language of this statute indicates that the 28-month period is to run from the date of the vacancy. However, Biondo contends that the statute clearly conveys that the period is measured from the date of appointment.

Both the parties and the appellate court order focus on the latter portion of section 25—11 to reach their

respective conclusions. The latter portion does not expressly state the point in time from which the 28-month period is calculated. Instead, all this portion states is that the "appointee shall serve the remainder of the unexpired term. However, if more than 28 months remain in the term, the appointment shall be until the next general election ***." 10 ILCS 5/25—11 (West 2006). Reading this portion in isolation, there appear to be three means of calculating the time remaining in the term. First, the remaining term can be calculated from the date the vacancy occurred, in this case, the date of Aiello's death. Second, the remaining term can be calculated from the date the county board declares the vacancy. Finally, the remaining term can be calculated from the date of the appointment. This portion of the statute does not expressly make any of these calculations an unreasonable interpretation of the statute. However, as previously noted, we do not read parts of a statute in isolation. Instead, we must read the statute in its entirety. *Kraft*, 138 Ill. 2d at 189.

When section 25—11 is read in its entirety, it unambiguously establishes that the sole triggering event that brings about all of the actions called for in the statute is the occurrence of a vacancy in an elected county office. Thus, we hold that under the statute's plain meaning the date of the vacancy's occurrence is the proper point in time from which to calculate the remaining term.

Initially, section 25—11 directs the "county board or board of county commissioners" to declare the existence of a vacancy and to provide notice of this vacancy to "each established political party" in the county "within 3 days of the occurrence of the vacancy." 10 ILCS 5/25—11 (West 2006). This initial language clearly establishes the "occurrence of the vacancy" as the event that triggers the subsequent action of the board. From this point in the statute to the conclusion of the statute,

no intervening language interjects any other triggering event. Thus, the occurrence of the vacancy is the triggering event that starts the clock, not just for the declaration of the vacancy, but for notice to the political parties, for the appointment of a replacement, and also for the 28-month remainder.

Despite this clear reading of the statute, Biondo argues that the legislature must have meant the statute to have a different meaning because it did not use the same language as was used with regard to a vacancy in the office of state senator found in section 25—6(f) of the Election Code. 10 ILCS 5/25—6(f) (West 2006). Biondo notes that when the legislature enacted section 25—6(f), it used language that unambiguously starts the 28-month clock at the time the vacancy occurs. 10 ILCS 5/25—6(f) (West 2006) ("An appointment made under this Section shall be for the remainder of the term, except that, if the appointment is to fill a vacancy in the office of State Senator and the vacancy occurs with more than 28 months remaining in the term, the term of the appointment shall expire at the time of the next general election"). Biondo notes that the public act that added this language to section 25—6(f) was the same public act that added the 28-month clause to the statute in question. Thus, he concludes that the two statutes cannot have the same meaning as they use different language and yet were enacted at the same time.

We reject this argument for four reasons. First, we reiterate that the most reliable indicator of the legislature's intent is the language of the statute. *Warner*, 227 Ill. 2d at 229. In this case, the language of the statute clearly establishes the occurrence of the vacancy as the triggering event from which all other actions flow. There is no language in the statute that would clearly establish any other trigger for calculating the 28-month period.

Second, our interpretation of the statute is consistent

with the opinions of two of our state's Attorneys General. 1996 Ill. Att'y Gen. Op. 23 ("Therefore, when the office of elected supervisor of assessments becomes vacant with more than 28 months remaining in the term, it should be filled by appointment only until the next election"); 2003 Ill. Att'y Gen. Op. 8 ("if a vacancy occurs in the office of county board chairman with more than 28 months remaining in the term, then pursuant to the provisions of section 25—11 of the Election Code (10 ILCS 5/25—11 (West 2002)) the person appointed to fill that vacancy will serve only until the next general election, at which time a successor will be elected to complete the term").

Third, Biondo's interpretation of the statute would provide an increased opportunity for political manipulation and could work to intentionally delay the election of a replacement. During oral argument, Biondo's attorney admitted that under his interpretation of the statute, parties could delay the appointment of a replacement to deny the opportunity for an election and to bestow incumbent status on the candidate of their choice.[2] By calculating the time remaining in the term from the date of the occurrence of the vacancy, the ability to manipulate the process is diminished and the apparent purpose of the legislature, to favor elected over appointed representatives, is better served.

Finally, calculating the 28-month period from the occurrence of the vacancy is consistent with the purpose of giving notice to the established political parties within three days of the vacancy's occurrence. Section 7—11.1 of the Election Code empowers political parties to nominate someone to fill a vacancy in an elected county

---

[2]In the present case, there is no allegation of any political manipulation. The court's concern is only over the possibility of manipulating the system in the future, not that manipulation actually occurred in this case.

office. 10 ILCS 5/7—11.1 (West 2006). There would be limited value to providing the political parties with notice of a vacancy within three days of the occurrence of the vacancy if the parties had to wait until someone was nominated to determine whether they needed to take action. Instead, the purpose of providing prompt notice of the occurrence of the vacancy is to allow the political parties to know immediately whether they need to take action.

Furthermore, the portion of the Election Code that details how political parties are to go about nominating a candidate to fill a vacancy under section 25—11 directs the parties to look at the date the vacancy occurred. 10 ILCS 5/7—11.1 (West 2006) ("(1) If the vacancy in office occurs before [the period for filing a nomination] *** (2) If the vacancy in office occurs during [the period for filing a nomination] *** (3) If the vacancy in office occurs after [the period for filing a nomination]"). Indeed, even the face of the document that the political parties use to name the person to fill a vacancy must include not just the name of the nominee, but also "the date on which the vacancy occurred." 10 ILCS 5/7—11.1(4)(b) (West 2006).

## CONCLUSION

For the foregoing reasons we hold that the appellate court erred in determining that the 28-month period ran from the date of the appointment and not the date of the vacancy. Accordingly, we reverse the judgment of the appellate court and affirm the decision of the trial court that denied Biondo's request for a restraining order. We remand the cause to the trial court for further proceedings consistent with this opinion.

*Appellate court judgment reversed;*
*circuit court judgment affirmed;*
*cause remanded.*