2020 IL App (2d) 171000-U
No. 2-17-1000
Order filed March 17, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-191 |
| ARTURO INDOVAL, | ) ) ) | Honorable C. Robert Tobin III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRIDGES delivered the judgment of the court.
Presiding Justice Birkett and Justice Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's convictions of certain child sex offenses were not barred by the 3-year statute of limitations, as the statute extending the limitation period for 20 years after the victim turns 18 years old also extended the limitation period before the victim turned 18 years old.

¶ 2    Following a jury trial, defendant, Arturo Indoval, was found guilty of four counts of predatory criminal sexual assault of a child and two counts of aggravated criminal sexual abuse. The trial court sentenced defendant to mandatorily consecutive 15-year prison terms on each count of predatory criminal sexual assault of a child and to 5-year prison terms on each count of aggravated criminal sexual abuse, to be served concurrently to each other after completion of the

consecutive 15-year sentences. Defendant timely appealed.[1] Defendant argues *pro se* that certain counts were barred by the statute of limitations and that defense counsel was ineffective for failing to move to dismiss them. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The victim, defendant's daughter, A.I., was born on August 9, 2003, and was 12 years old in August 2015 when she disclosed the abuse. The indictment, which was filed on September 18, 2015, alleged that two of the predatory-criminal-sexual-assault-of-a-child offenses took place between November 1, 2008, and December 31, 2009, (see 720 ILCS 5/12-14.1(a)(1) (West 2008)) and that two took place in August 2015 (see 720 ILCS 5/11-1.40(a)(1) (West 2014)). The indictment further alleged that one of the aggravated-criminal-sexual-abuse offenses took place between November 1, 2008, and December 31, 2009, (see 720 ILCS 5/12-16(c)(1) (West 2008)) and that the other took place in August 2015 (see 720 ILCS 5/11-1.6(c)(1)(i) (West 2014)).

¶ 5                                    II. ANALYSIS

¶ 6     Defendant argues that the offenses alleged to have occurred between November 1, 2008, and December 31, 2009, "are time-barred because they were brought 2 years and nine months beyond the 3 year statute of limitations" set forth in section 3-5(b) of the Criminal Code of 1961 (Code) (720 ILCS 5/3-5(b) (West 2008)). The State pleaded to extend the statute of limitations under section 3-6(j) of the Code (*id.* § 3-6(j)), but defendant argues that the State did so "errantly"

---

[1] The Office of the Appellate Defender was appointed to represent defendant and, subsequently, filed a motion for leave to withdraw pursuant to *Anders v. California,* 386 U.S. 738 (1967). Thereafter, defendant filed a motion asking to proceed *pro se*. We granted both motions.

as the plain language of section 3-6(j) applies only after the child victim attains the age of 18 years. We disagree.

¶ 7    The issue raised by defendant presents a question of statutory interpretation. The primary objective of statutory interpretation is to give effect to the intent of the legislature, and the most reliable indicator of legislative intent is the language of the statute given its plain, ordinary, and popularly understood meaning. *Gardner v. Mullins*, 234 Ill. 2d 503, 511 (2009). The statute " 'should be read as a whole with all relevant parts considered.' " *Id.* (quoting *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990)). "When the statutory language is clear, a reviewing court need not resort to extrinsic aids of construction, such as legislative history." *Northern Kane Educational Corp. v. Cambridge Lakes Education Ass'n*, 394 Ill. App. 3d 755, 758 (2009). "A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent." *Landheer v. Landheer*, 383 Ill. App. 3d 317, 321 (2008). Nonetheless, when reviewing a statute, we also consider the subject it addresses and the legislature's apparent objective in enacting it, while presuming that the legislature did not intend to create absurd, inconvenient, or unjust results. *Fisher v. Waldrop*, 221 Ill. 2d 102, 112 (2006). We review *de novo* matters of statutory interpretation. *Hadley v. Illinois Department of Corrections*, 224 Ill. 2d 365, 370 (2007).

¶ 8    At the time of the offenses, section 3-5(b) of the Code provided as follows:

"Unless *** the period of limitation is extended by Section 3-6, a prosecution for any offense not designated in Subsection (a) must be commenced within 3 years after the commission of the offense if it is a felony[.]" 720 ILCS 5/3-5(b) (West 2008).

Section 3-6(j) of the Code provided as follows:

"When the victim is under 18 years of age at the time of the offense, a prosecution for criminal sexual assault, aggravated criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse *** may be commenced within 20 years after the child victim attains 18 years of age." *Id.* § 3-6(j).

¶ 9    According to defendant, because the victim "has not yet reached/attained the required age of 18," section 3-6(j) does not apply. Defendant's interpretation is unsupported by authority, misapprehends the plain language of the statute, and leads to absurd results.

¶ 10    First, the plain language of section 3-5(b) makes clear that the three-year limitation period for felonies applies "[u]nless *** the period of limitation is *extended* by Section 3-6." (Emphasis added.) *Id.* § 3-5(b). In turn, section 3-6(j) makes clear that it applies "[w]hen the victim is under 18 years of age at the time of [certain] offenses." *Id.* § 3-6(j). The definition of "extended" is "drawn out in length *** esp. in length of time." Webster's Third New International Dictionary, 804 (1993). Here, because the victim was under 18 years of age when defendant committed offenses enumerated in section 3-6(j), the 3 year limitations period for said offenses was extended to allow prosecutions to be commenced "within 20 years after the child victim attains 18 years of age." 720 ILCS 5/3-6(j) (West 2008). Thus, the extended statute of limitations expires on August 9, 2041.

¶ 11    Defendants interpretation that section 3-6(j) applies only after the victim turns 18 leads to absurd results, because rather than lengthening the limitation period for an offense, it instead creates two separate limitation periods for the same offense. The absurdity of defendant's theory is made clear under the facts of this case. A.I. first revealed in August 2015, at the age of 12, that she had been abused by defendant since the age of six. The indictment, filed in September 2015, alleged that some acts occurred between November 1, 2008, and December 31, 2009, more than

three years earlier, and that other acts occurred in August 2015. Under defendant's interpretation, although the State could prosecute the acts that occurred in August 2015, it must wait six years, until August 9, 2021, when A.I. turns 18, to prosecute those that occurred from 2008 to 2009. Put another way, under defendant's theory the prosecution of the older offenses is simultaneously (1) time-barred by section 3-5(b) because the charges were filed more than three years after the offenses *and* (2) premature under section 3-6(j) because A.I. had not yet attained the age of 18. We presume that the legislature did not intend such absurd results.[2] Section 3-6(j) simply tolls the statute of limitations until 20 years after the child victim turns 18 years old.

¶ 12    Accordingly, we conclude that the offenses committed between November 1, 2008, and December 31, 2009, were not barred by the statute of limitations.

¶ 13    Given the above, defendant's related argument, that defense counsel was ineffective for failing to move to dismiss those offenses, necessarily fails.

¶ 14                                III. CONCLUSION

¶ 15    For the reasons stated, we affirm the judgment of the circuit court of Boone County.

¶ 16    Affirmed.

---

[2] Indeed, we note that the current version of the statute, renumbered as § 3-6(j)(1), now provides: "When the victim is under 18 years of age at the time of the offense, a prosecution for criminal sexual assault, aggravated criminal sexual assault, predatory criminal sexual assault of a child, aggravated criminal sexual abuse, or felony criminal sexual abuse *may be commenced at any time*." (Emphasis added.) 720 ILCS 5/3-6(j)(i) (West 2018).