NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 220774-U

NO. 4-22-0774

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 24, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Boone County |
| ARTURO INDOVAL, | ) | No. 15CF191 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | C. Robert Tobin III, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Cavanagh and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held:* The appellate court affirmed, concluding application of the nullity rule is not warranted in this case.

¶ 2    On August 15, 2022, the trial court summarily dismissed the postconviction petition of defendant, Arturo Indoval, following his convictions for predatory criminal sexual assault of a child and aggravated criminal sexual abuse. On appeal, defendant contends his postconviction petition was drafted by a nonattorney, rendering it a nullity and the order summarily dismissing it void. We disagree and affirm.

¶ 3    I. BACKGROUND

¶ 4    In May 2017, defendant was convicted of four counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2008)) and two counts of aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)). The trial court sentenced him to an aggregate 65 years in prison.

On direct appeal, defendant asserted (1) two of his convictions for predatory criminal sexual assault of a child and one of his convictions for aggravated criminal sexual abuse were barred by the statute of limitations and (2) defense counsel was ineffective for failing to move to dismiss them. The Second District affirmed defendant's convictions. See *People v. Indoval*, 2020 IL App (2d) 171000-U. As the factual background was clearly set forth in the Second District's decision on direct appeal, we include only those facts necessary to address the issues presented to this court.

¶ 5        On July 1, 2022, defendant *pro se* filed multiple documents, including an untimely postconviction petition; a motion for appointment of counsel; a motion for leave to file an untimely postconviction petition; an application to sue or defend as a poor person; an affidavit from a fellow inmate, Neil Ackerman; and two affidavits from defendant, one in English and one in Spanish.

¶ 6        In defendant's English affidavit, he stated he is unable to read or write in English and must utilize a Spanish to English dictionary any time he reads or writes in English. In May 2022, a prison law clerk introduced defendant to inmate Ackerman, who agreed to assist defendant with his postconviction petition. After defendant spoke with Ackerman about his petition, Ackerman "requested all [defendant's] transcripts and documents." Then defendant and Ackerman discussed "the issues [Ackerman] found" before Ackerman drafted defendant's postconviction petition.

¶ 7        Ackerman's affidavit tells substantially the same story as defendant's affidavit. Prior to Ackerman's incarceration, he attended law school but did not complete his legal education. He worked as a prison law clerk in the law library from 2019 to 2020. After his tenure as a prison law clerk, he continued to assist other inmates with drafting legal documents. According to Ackerman, the current prison law clerks and law library staff often send inmates to him when the staff have questions about legal matters. Defendant requested assistance from Ackerman because

defendant is unable to read or write in English. After agreeing to assist defendant, Ackerman "read through [defendant's] transcripts and common law records" and then "drafted his petition along with the motion for leave to file an untimely petition."

¶ 8        Defendant's postconviction petition set forth the following arguments: (1) defense counsel was ineffective for failing to disclose a plea offer, (2) defense counsel was ineffective for failing to investigate and hire an expert witness, (3) defense counsel was ineffective for not requesting a Spanish interpreter, (4) defendant was denied a fair trial because two jurors fell asleep during trial, (5) defense counsel was ineffective for failing to properly cross-examine witnesses, and (6) cumulative error. The trial court summarily dismissed defendant's petition as frivolous and patently without merit. In its written order dismissing the petition, the court did not address the timeliness of defendant's petition or that it was purportedly drafted by a nonattorney.

¶ 9        This appeal follows.

¶ 10                              II. ANALYSIS

¶ 11        On appeal, defendant contends his postconviction petition is a nullity and the trial court's order summarily dismissing his petition is void because it was drafted by a nonattorney. Defendant requests this court vacate the summary dismissal order, strike the postconviction petition, and allow him to file a new petition. Alternatively, defendant requests this court remand the case for an evidentiary hearing to determine whether Ackerman's involvement in drafting the petition renders it a nullity. The State argues Ackerman's assistance in drafting defendant's petition did not amount to the unauthorized practice of law, or in the alternative, that Ackerman's assistance was not sufficient to render the petition a nullity. The State also requests this court address the untimeliness of defendant's petition.

¶ 12                    A. First Stage Postconviction Proceedings

¶ 13        Proceedings under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) have three stages. *People v. Allen*, 2015 IL 113135, ¶ 21. "At the first stage, the circuit court must review the petition within 90 days of its filing and determine whether the petition states the gist of a constitutional violation." *People v. Bailey*, 2017 IL 121450, ¶ 18. "The allegations of the petition, taken as true and liberally construed, need only present the gist of a constitutional claim." *People v. Brown*, 236 Ill. 2d 175, 184 (2010). If the court determines the petition does not present the gist of constitutional claim, it must summarily dismiss the petition as frivolous or patently without merit. *People v. Boykins*, 2017 IL 121365, ¶ 9. We review the trial court's summary dismissal of a postconviction petition *de novo*. *People v. Matthews*, 2022 IL App (4th) 210752, ¶ 61.

¶ 14                          B. Timeliness of Defendant's Petition

¶ 15        The State asserts this court "has the jurisdiction to revisit the timeliness issue of defendant's postconviction petition and could dismiss it upon that basis, if justice were to require it." Citing *People v. Johnson*, 2015 IL App (2d) 131029, ¶ 19, the State contends a second judge has the authority to revisit the issue of whether a postconviction petition was untimely.

¶ 16        *Johnson* is inapposite here. In *Johnson*, the Second District reviewed the trial court's dismissal of an untimely postconviction petition at the second stage. *Id.* ¶ 1. It is well-settled a defendant's postconviction petition may not be summarily dismissed because it was untimely. *People v. Boclair*, 202 Ill. 2d 89, 99 (2002). In this case, the court summarily dismissed defendant's petition at the first stage as frivolous and patently without merit, without addressing the timeliness issue. Consequently, we decline to address the timeliness of defendant's petition.

¶ 17                                C. Nullity of Petition

¶ 18        Assuming, *arguendo*, Ackerman engaged in the unauthorized practice of law,

defendant contends this court is required to declare his petition a nullity and the resulting judgment void. Citing *Ford Motor Credit Company v. Sperry*, 214 Ill. 2d 371, 379 (2005), defendant asserts, "Court proceedings involving the unauthorized practice of law are a nullity, and any resulting judgments are void." However, in *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, ¶ 31, our supreme court held the unauthorized practice of law does not automatically render the proceedings a nullity. Instead, according to the supreme court, the court "should consider the circumstances of the case and the facts before it in determining whether dismissal is proper." *Id.* Specifically, the court is to consider the following factors: "whether the nonattorney's conduct is done without knowledge that the action was improper, whether the [litigant] acted diligently in correcting the mistake by obtaining counsel, whether the nonattorney's participation is minimal, and whether the participation results in prejudice to the opposing party." *Id.*

¶ 19                                    1. Downtown Disposal *Factors*

¶ 20           In this case, defendant filed a motion for appointment of counsel stating defendant was *pro se* and requesting the appointment of counsel. During postconviction proceedings, a defendant is not entitled to counsel at the first stage. See *People v. Johnson*, 2018 IL 122227, ¶ 19. Instead, if a defendant cannot retain counsel on his own, he must file a *pro se* petition and be appointed counsel at the second stage. *Id.* Here, defendant requested appointed counsel at the first available opportunity. This act demonstrated defendant understood Ackerman was not acting as his legal counsel. Based on defendant's request for counsel at the first available opportunity, we conclude defendant "acted diligently" in correcting his mistake of having Ackerman draft his petition. *Downtown Disposal*, 2012 IL 112040, ¶ 31.

¶ 21           Ackerman's participation was not minimal. Ackerman reviewed defendant's transcripts and the record, discussed potential issues with defendant, and drafted defendant's

postconviction petition. However, defendant also played a substantial role in the drafting of his petition. Defendant (1) previously reviewed the order from the direct appeal using a Spanish-English dictionary, (2) spoke with Ackerman about potential issues to be raised in the petition, (3) reviewed the petition and made corrections, (4) signed the petition, and (5) filed the petition along with supporting documents. As a result, we conclude defendant also substantially participated in the process of preparing the petition.

¶ 22    The record shows neither Ackerman nor defendant knew it was improper for Ackerman to prepare defendant's petition. In fact, the affidavits submitted alongside defendant's petition demonstrate the opposite. Defendant specifically requested Ackerman's assistance based on a recommendation from one of the prison law clerks. Furthermore, prison law clerks and other inmates often requested Ackerman assist with legal issues. We find neither defendant nor Ackerman knew it was improper for Ackerman to draft defendant's petition. It is clear Ackerman did not hold himself out as a lawyer. Additionally, this is not a situation where defendant was entitled to appointed counsel and was tricked into accepting legal assistance from someone not licensed to practice law. As a result, under the totality of the circumstances, defendant was not prejudiced by getting help from a nonlawyer.

¶ 23    Finally, the State was not prejudiced by a nonattorney drafting defendant's petition. During the first stage of postconviction proceedings, the trial court—without input from the parties—must independently review the petition to determine whether it should be advanced to the second stage of postconviction proceedings. *Brown*, 236 Ill. 2d at 184. Because the State was not involved in the first stage of proceedings, there is no possibility Ackerman's participation in drafting defendant's petition resulted in prejudice to the State.

¶ 24                    2. *Purpose of Nullity Rule*

- 6 -

¶ 25        In addition to the factors discussed in *Downtown Disposal*, this court is not persuaded the purpose of the nullity rule would warrant its application in this case. "The purpose of the nullity 'rule is *** to protect litigants against the mistakes of the ignorant and the schemes of the unscrupulous and to protect the court itself in the administration of its proceedings from those lacking requisite skills.' " *Sperry*, 214 Ill. 2d at 379.

¶ 26        As discussed above, at the first stage of postconviction proceedings, defendant is not entitled to counsel. This means defendant's only options for filing a postconviction petition were to file *pro se* or acquire private counsel. Defendant's documents demonstrated he was indigent and could not afford private counsel, effectively foreclosing the latter option. In the limited circumstances of a *pro se* postconviction petition, the application of the nullity rule would not serve to protect defendant against " 'mistakes of the ignorant.' " *Id.* Without assistance from Ackerman, defendant would be left to draft his petition alone, without any guidance or language assistance. In that situation, any " 'mistakes of the ignorant' " (*id.*) would be defendant's alone in drafting a *pro se* petition. In addition, it is noted defendant was involved in providing information for the petition and reviewing the same. Here, defendant ostensibly benefitted from Ackerman's assistance because Ackerman admittedly had some legal knowledge and could read and write in English.

¶ 27        Furthermore, there is no evidence of any "scheme" here. Defendant specifically sought out Ackerman's assistance in drafting his petition, even though defendant knew Ackerman was not a licensed attorney. Ackerman did not misrepresent himself as an attorney or attempt to defraud defendant in any way. Additionally, Ackerman did not charge defendant for his time and effort spent drafting defendant's petition. Therefore, Ackerman gained nothing from his drafting of defendant's petition. In this case, there is no need to protect defendant from any " 'schemes of

the unscrupulous.' " *Id.*

¶ 28　　　　　　Finally, applying the nullity rule would not protect the trial court " 'from those lacking requisite skills.' " *Id.* The court is required to review all postconviction petitions at the first stage, which are often filed by *pro se* litigants. By design, the standard for advancing a postconviction petition to the second stage is a low threshold, accounting for the fact most petitions will be drafted by individuals lacking such skills. See *Brown*, 236 Ill. 2d at 184 ("A [postconviction] petitioner need present only a limited amount of detail and is not required to include legal argument or citation to legal authority."). Thus, the protection of the court is not a relevant consideration in these circumstances.

¶ 29　　　　　　Based on the specific facts in this case, we find the application of the nullity rule is not warranted. Because defendant does not otherwise argue his petition stated the gist of a constitutional claim, we conclude the trial court's dismissal of defendant's petition at the first stage of proceedings was proper. See *id.*

¶ 30　　　　　　　　　　　　　　III. CONCLUSION

¶ 31　　　　　　For the reasons stated, we affirm the judgment of the trial court.

¶ 32　　　　　　Affirmed.