2025 IL App (1st) 240904-U

No. 1-24-0904

Order filed February 10, 2025.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| IN RE PARENTAGE OF D.C. | ) | Appeal from the |
| | ) | Circuit Court of |
| (Herman Roundtree, | ) | Cook County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19 D 80134 |
| | ) | |
| Shoshanna Cooper (Deceased), | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| (LaVerne Cooper, Third-Party Petitioner-Appellee; | ) | The Honorable |
| Ashanti Madlock Henderson, Guardian *ad Litem*-Appellee)). | ) | Edward A. Arce, |
| | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss for lack of jurisdiction where the order being appealed is not final.

¶ 2    This case arises from a parentage action filed by petitioner Herman Roundtree against respondent Shoshanna (or Shoshannah) Cooper regarding the minor D.C. After respondent died, her mother LaVerne Cooper (LaVerne) filed a petition for grandparent visitation. The circuit court appointed a guardian *ad litem* (GAL) on LaVerne's motion. Petitioner appeals from an order of the circuit court denying his motion to disqualify the GAL, contending that denial of that motion was erroneous. Because that order was not a final judgment in whole or part nor otherwise appealable by right, we dismiss the appeal.

¶ 3    In September 2019, petitioner filed his *pro se* petition to establish parentage of D.C., born in 2012, seeking reasonable parenting time and a parenting plan. Respondent filed a *pro se* answer the next month, challenging any award of parenting time to petitioner.

¶ 4    In December 2019, the court issued orders declaring the parties to be D.C.'s legal parents and referring them to mediation to allocate parenting time and responsibility.

¶ 5    In December 2021, the court issued an emergency order temporarily granting petitioner physical custody of D.C. and all parenting time and decision-making, upon petitioner's testimony (as described in the order) that respondent's husband told him she was in a coma.

¶ 6    In February 2022, it came to the court's attention from a filing by respondent's widower Chucky Thomas that respondent died in December 2021. Thomas provided copies of their marriage certificate and respondent's death certificate. In August 2022, this case was consolidated with respondent's probate case, No. 22 P 526.

¶ 7    In April 2023, third-party petitioner LaVerne Cooper filed a petition for grandparent visitation in the parentage case as respondent was her daughter. The petition recited that LaVerne was awarded grandparent visitation in the probate case until, in January 2023, "the probate court

dismissed the last of the two petitions for guardianship and transferred the cases back to their respective calendars."

¶ 8 Petitioner responded to LaVerne's petition for grandparent visitation, asking the court to deny it and award him attorney fees and costs.

¶ 9 In September 2023, LaVerne filed a motion to appoint a GAL; namely, Ashanti Madlock Henderson, the GAL in the probate case. Petitioner filed a response objecting to the appointment of Henderson, claiming that she was biased towards him and failed to cooperate with him.

¶ 10 In November 2023, the court granted LaVerne's GAL motion and appointed Henderson as GAL, ordering the GAL to prepare a report to the parties.

¶ 11 Also in November 2023, petitioner filed a motion to disqualify Henderson as GAL. LaVerne filed a response denying that the GAL had acted unfairly.

¶ 12 In January 2024, the court issued an order "enter[ing] a Rule against Petitioner for not making the minor child available to GAL" and continuing the motion to disqualify the GAL.

¶ 13 On April 17, 2024, the court denied petitioner's motion to disqualify the GAL, finding no basis for disqualification. It discharged the rule to show cause "as there was no order stating that the minor child was to meet the GAL at her office." The court then ordered petitioner to bring D.C. to the GAL's office on April 26, 2024, and continued the case to May 31, 2024, for case management. The last court order included in the record on appeal, dated June 3, 2024, set a July 2024 date for trial judge assignment, reflecting that the proceedings were ongoing.

¶ 14 Petitioner filed his *pro se* notice of appeal on April 22, 2024, identifying only the order of April 17, 2024, as the order or judgment being appealed.

¶ 15    Before we consider petitioner's brief, we have a duty to consider our jurisdiction *sua sponte*. *People v. Rivera*, 2024 IL App (1st) 240520, ¶ 11. "[O]ur jurisdiction is limited to the review of appeals from final judgments, unless otherwise permitted under the Illinois Supreme Court Rules or by statute." *In re Estate of Cerami*, 2018 IL App (1st) 172073, ¶ 31. Whether appellate jurisdiction exists is a question of law, which we review *de novo*. *Gardner v. Mullins*, 234 Ill. 2d 503, 508 (2009).

¶ 16    Supreme Court Rule 301 provides that every final judgment in a civil case is appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). The Rule 301 appeal is "initiated by filing a notice of appeal" and "[n]o other step is jurisdictional." *Id.* A final judgment or order "fixes absolutely and finally the rights of the parties in the lawsuit," determining the litigation on the merits so the only thing remaining is to execute the judgment. *Henyard v. Municipal Officers of Village of Dolton*, 2022 IL App (1st) 220898, ¶ 21. Here, petitioner appeals the order of April 17, 2024, which denied petitioner's motion to disqualify the GAL but made no final disposition of the parties' rights. It is thus not a final judgment appealable under Supreme Court Rule 301. The non-final judgment did not confer jurisdiction upon this court.

¶ 17    The order is also not appealable under Supreme Court Rule 304, which provides that, where "multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R 304(a) (eff. Mar. 8, 2016). The order of April 17, 2024, neither made a final disposition of any claim for relief nor included the requisite finding and thus is not appealable under Supreme Court Rule 304.

¶ 18    Finally, this is not an interlocutory appeal pursuant to Supreme Court Rule 307, which provides for interlocutory appeals by right from certain specified classes of orders. The only class of orders applicable in a parentage case are those "terminating parental rights or granting, denying, or revoking temporary commitment in adoption proceedings." Ill. S. Ct. R. 307(a)(6) (eff. Nov. 1, 2017). The order of April 17, 2024, did neither.

¶ 19    As no supreme court rule exception applies, we are without jurisdiction to review the nonfinal April 17, 2024, order. *In re Marriage of Fatkin*, 2019 IL 123602, ¶ 26.

¶ 20    *Pro se* litigants, such as petitioner, are not excused from complying with the Illinois Supreme Court Rules. *People v. Shunick*, 2024 IL 129244, ¶ 64. This court has no authority to excuse the requirements of the Supreme Court Rules governing appeals. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-18 (2009).

¶ 21    Accordingly, we conclude that we have no jurisdiction over this appeal from the nonfinal order and dismiss the appeal.

¶ 22    Dismissed for lack of jurisdiction.