2022 IL App (1st) 201373-U

Nos. 1-20-1373, 1-21-0083 (cons.)

Fourth Division
June 23, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

|  |  |  |
|---|---|---|
| EAST LAKE CONDOMINIUM ASSOCIATION, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | Appeal from the Circuit Court of Cook County. |
| v. | ) ) | No. 2019 M1 704695 |
| DENISE BREWER and ALL UNKNOWN OCCUPANTS, | ) ) ) | The Honorable James A. Wright, |
| Defendants | ) ) | Judge Presiding. |
| (Denise Brewer, Defendant-Appellant). | ) ) ) ) | |

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Rochford and Martin concurred in the judgment.

**ORDER**

¶ 1     *Held:*  The circuit court's judgment is affirmed, where several of defendant's claims are barred by *res judicata* due to a prior appeal and her remaining claims are without merit.

¶ 2     The instant appeal arises from an eviction lawsuit filed by plaintiff East Lake Condominium Association (the association) against defendant Denise Brewer (defendant) after

defendant failed to pay outstanding homeowners' association fees for her condominium unit. The original order granting possession of defendant's unit contained the incorrect address, and the association sought an order correcting the error. The circuit court corrected the address on the face of the original order, crossing out the old address and inserting the correct address. Based on the corrected order, defendant was evicted from her unit. Defendant filed multiple challenges to both the original and the corrected order entered by the circuit court, all of which were denied. For the reasons set forth below, we affirm.

¶ 3                                     BACKGROUND

¶ 4        Defendant is the owner of a condominium unit located at 6801 South Crandon Avenue in Chicago. On March 22, 2019, the association filed a verified complaint against defendant, alleging that defendant had failed to pay approximately $7600 in assessments and common charges. The association sought a judgment against defendant in the amount of the outstanding assessments and common charges, plus attorney fees, as well as an order granting possession of the unit to the association.

¶ 5        The sheriff's office was unable to serve defendant and, on April 5, 2019, the association filed a motion to appoint a special process server. The special process server was appointed on April 11, 2019, and filed an affidavit on April 15, 2019, averring that she had attempted service on defendant four times between April 7 and April 10. The special process server subsequently filed a second affidavit, averring that she had attempted service three additional times between April 29 and May 2. During her attempt on April 29, the special process server was able to gain access to the building and heard someone on the phone and walking around inside the unit. When she knocked, the individual inside walked to the door and looked at her through the peephole, but did not open the door. She announced that she was attempting to serve

defendant and left a business card in the door so that service could be arranged, but no one ever contacted her. On the third attempt, on May 2, the special process server observed lights inside the unit, but no one answered when she buzzed at the building door. The special process server determined that "[s]ervice could not be obtained as Defendant is avoiding service."

¶ 6    The association requested to serve defendant by posting, and filed an "Affidavit for Service by Posting" signed by one of its attorneys, which provided that defendant was "concealed within the state so that process cannot be served upon Defendant(s)" and listed her last known place of residence as the Crandon Avenue address. On May 9, 2019, the circuit court entered an order permitting the association to serve defendant by posting, which was effectuated on May 14, 2019.

¶ 7    On June 18, 2019, the circuit court entered an *ex parte in rem* eviction order (the June 18 order of possession), which provided that the association was given possession of the property located at "2801 S. Crandon, unit 1" and ordering defendant to vacate the property by August 20, 2019. The order further provided that judgment of $10,274.69 was entered against "2801 S. Crandon, unit 1."

¶ 8    On July 30, 2019, the association filed a "Motion to Correct Scrivener's Error," claiming that the June 18 order of possession incorrectly referenced "2801 S. Crandon" rather than "6801 S. Crandon."[1] Consequently, the association sought leave to correct the error in the June 18 order to reflect the correct address. There is no order disposing of the association's motion contained in the record on appeal, but the half-sheet contains the following notation on August

---

[1] The parties agree that 2801 South Crandon Avenue does not exist and, if it did, would be located somewhere in Lake Michigan. We take judicial notice that Crandon Avenue does not extend any further north than 67th Street. See *Peters v. Riggs*, 2015 IL App (4th) 140043, ¶ 49 (a court may take judicial notice of geographical facts).

15, 2019: "π's M to Correct 6/18/19 O/P G" with the "G" circled. Both parties agree that this notation means that the plaintiff association's motion to correct the June 18 order of possession was granted. Additionally, while it does not appear separately in the record on appeal, a copy of the corrected order was attached to several filings made by the parties. The corrected order appears to be a yellow copy of the original June 18 order of possession, with the "2801 S. Crandon" address crossed out and "6801 S. Crandon" written in its place; the judge's initials appear next to the changes, but there is no indication as to the date of the changes. There is also no separate file-stamp date on the corrected order; the only file-stamp is the original June 18 file-stamp.

¶ 9        On September 16, 2019, defendant filed a motion to quash, claiming that service was improper and, therefore, the circuit court lacked jurisdiction to enter the June 18 order of possession; defendant filed an amended motion to quash on October 24, 2019. As part of its response to defendant's motion to quash, the association claimed that, on August 15, 2019, "[t]he court granted leave to correct the June 18, 2019 Eviction Order on its face, and did not require entry of a separate, new order." The association further claimed that a copy of the corrected order was sent to defendant, and a copy was attached to the association's response. In her reply, defendant claimed that the corrected order did not appear in the court file, and that she never received the order prior to its being attached to the association's response.

¶ 10        On November 14, 2019, the circuit court conducted an evidentiary hearing on defendant's motion to quash, at which defendant, the special process server, and the attorney who completed the affidavit for service by posting all testified and after which the circuit court denied the motion to quash. During the hearing, defendant testified that there was no order dated August 15, 2019, contained in the court files when she examined them. The court then

interjected: "For judicial notice, there was an appearance here on August 15, 2019 where the Plaintiff was in court. Plaintiff moved to correct the [scrivener's] error on the Order of Possession that was issued on June 18, 2019. And that motion was granted. That was on August 15th."

¶ 11    On November 15, 2019, defendant filed a notice of appeal (appeal No. 1-19-2359), appealing the circuit court's November 14 order; defendant later amended her notice of appeal to indicate that she was also appealing the "purported August 15, 2019 order." Defendant's motions for a stay of the order of possession were denied, and defendant was evicted from her unit on November 22, 2019.

¶ 12    The record on appeal contains few documents concerning the proceedings from appeal No. 1-19-2359, but our records show that defendant failed to file an appellant's brief, leading the association to file a motion to dismiss the appeal, which was granted on March 17, 2020. Defendant filed a motion to vacate the order dismissing the appeal, which was denied. Defendant also filed a petition for leave to appeal in the Illinois Supreme Court, which was denied in September 2020.

¶ 13    On October 5, 2020, defendant filed a "Petition for New Hearing, to Vacate the May 9, 2019 Order, June 13, 2019 Order, June 18, 2019 Ex Parte Judgment and the Purported August 15, 2019 Ex Parte Judgment and Order and Other Relief," pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). Defendant claimed that newly-discovered evidence supported her arguments, contending that the half-sheet was not placed into the court file until after the November 14, 2019, hearing and, therefore, she was unable to raise arguments based on information contained in the half-sheet. In her petition, defendant claimed that she never received proper notice of the August 15, 2019, proceedings

and that the "purported" corrected order of possession was never properly entered by the circuit court. On the same day, defendant filed a "Motion to Quash August 15, 2019 Orders," claiming that she had not been properly served with the association's July 30, 2019, motion to correct scrivener's error. The association did not respond to either of defendant's motions.

¶ 14   On October 26, 2020, the circuit court denied defendant's motions. The same day, defendant filed a motion to reconsider, claiming that the court erred in denying her motions without an evidentiary hearing. The circuit court denied defendant's motion to reconsider on December 18, 2020, finding it lacked jurisdiction to consider the matter since the eviction was effectuated in November 2019, and also barred her from any future filings without the permission of the court. On December 21, 2020, defendant filed a notice of appeal (appeal No. 1-20-1373), appealing the circuit court's October 26 and December 18 orders.

¶ 15   On December 28, 2020, defendant filed a motion for leave to file a motion to approve a proposed bystander's report of the October 26 court proceedings. The circuit court denied defendant's motion on January 19, 2021, and defendant subsequently filed a notice of appeal (appeal No. 1-21-0083) from that order. We consolidated the two appeals on March 16, 2021.

¶ 16                                    ANALYSIS

¶ 17   On appeal, defendant raises a number of issues, including challenges to the circuit court's November 14, 2019, and October 26, 2020, orders denying defendant's motions to quash and, in the case of the October order, quashing several subpoenas; the December 18, 2020, order denying defendant's motion to reconsider; and the January 19, 2021, order denying defendant's motion concerning approval of a bystander's report. Several of defendant's claims, however, are not properly before this court, so we begin by establishing which claims are actually at issue on appeal.

¶ 18                                                    *Claims at Issue*

¶ 19            As noted, defendant previously filed an appeal of the circuit court's November 14, 2019, order in appeal No. 1-19-2359; defendant later amended her notice of appeal to indicate that she was also appealing the "purported August 15, 2019 order." This appeal was dismissed in March 2020, after defendant failed to file an appellant's brief, and defendant's petition for leave to appeal was denied by the supreme court in September 2020. Thus, we must consider the effect of the dismissal of the defendant's first appeal on the instant appeal.

¶ 20            Depending on what caused it, the dismissal of an appeal may have a preclusive effect on subsequent appeals. *Hartney v. Bevis*, 2018 IL App (2d) 170165, ¶ 11. As is relevant to the instant appeal, the involuntary dismissal of an appeal for failure to prosecute acts as a judgment on the merits and bars further appeals under the doctrine of *res judicata*. *Id.* ¶ 12. Thus, where the failure to file an appellate brief results in the involuntary dismissal of his appeal, an appellant is barred from revisiting the issue in a subsequent appeal. *Id*. ¶ 16. See also *Mederacke v. Becker*, 56 Ill. App. 3d 128, 136 (1965) (defendants were precluded from challenging an order where their first appeal had been dismissed for failure to file a record on appeal).

¶ 21            Here, defendant's notices of appeal in appeal No. 1-19-2359 indicated that she was appealing the circuit court's August 15 and November 14 orders. Accordingly, the dismissal of that appeal bars any further challenge to those orders in the instant appeal, and we need not consider defendant's arguments concerning those orders. Similarly, as defendant's October 5, 2020, motions were merely renewed arguments concerning the propriety of the August 15 and November 14 orders, we need not consider defendant's challenges to the circuit court's October 26, 2020, order denying them. See *River Park, Inc. v. City of Highland Park*, 184 Ill.

2d 290, 302 (1998) (*res judicata* applies to what was actually decided in the first action, as well as those matters that could have been decided).

¶ 22     We note that defendant claimed in her motions that "newly discovered evidence" in the form of the half-sheet was available only after she initially filed her notice of appeal.[2] Even if true, however, all of the information that defendant points to as "new" was available to her prior to the time of filing the notice of appeal. For instance, the association discussed the August 15 order in its response to defendant's motion to quash, and the circuit court expressly took judicial notice of the entry of the order during the November 14 hearing. Thus, the ability to view the notation on the half-sheet did not affect defendant's knowledge of the existence of the August 15 order. See *McGinley Partners, LLC v. Royalty Properties, LLC*, 2020 IL App (1st) 190546, ¶¶ 49-50 (finding no newly-discovered evidence where evidence of modification of the agreement at issue was available before entry of judgment).

¶ 23     We find similarly unpersuasive defendant's contention that a void judgment may be challenged at any time. While this may be true as a general proposition (see, *e.g.*, *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103-04 (2002)), defendant provides no authority suggesting that a defendant may *repeatedly* challenge a judgment as void even after a prior appeal involving the same judgment.[3] Accordingly, we need not consider defendant's

---

[2] According to defendant, the half-sheet was stored in the courtroom until she requested the preparation of the record on appeal, when the half-sheet was returned to the court file.

[3] We note that the circuit court's November 14 order does not explicitly reference the August 15 order, and the main issue at the hearing involved the adequacy of service with respect to entry of the June 18 order of possession. Defendant nevertheless expressly included the "purported" August 15 order in her amended notice of appeal, which indicates that she was also challenging the propriety of that order on appeal. Defendant made the affirmative choice to appeal the August 15 order instead of pursuing other options in the circuit court, such as amending her motion to quash or filing a section 2-1401 petition directly challenging the August 15 order, and she is therefore bound by the consequences of her failure to prosecute that appeal.

arguments concerning the August 15 or November 14 orders, and turn to the remaining arguments raised by defendant on appeal.

¶ 24                                     *Denial of October 5 Motions*

¶ 25        Defendant first raises several arguments concerning the circuit court's denial of her October 5, 2020, "Motion to Quash August 15, 2019 Orders," in which she claimed that she had not been properly served with the association's July 30, 2019, motion to correct scrivener's error, and her "Petition for New Hearing, to Vacate the May 9, 2019 Order, June 13, 2019 Order, June 18, 2019 Ex Parte Judgment and the Purported August 15, 2019 Ex Parte Judgment and Order and Other Relief." Defendant argues that the circuit court erred by denying her motions without an evidentiary hearing, and also contends that the circuit court should have granted her motions.

¶ 26        As discussed, all of the claims that defendant raised in these motions were previously resolved by her prior appeal, in which she specifically appealed the circuit court's August 15 and November 14 orders. Accordingly, the circuit court did not err in denying either of her motions. See *In re Marriage of Baumgartner*, 226 Ill. App. 3d 790, 794 (1992) (issues that are barred by *res judicata* may not be litigated in a section 2-1401 proceeding). Similarly, where the issues raised in the motion were barred as a matter of law, the circuit court did not err in denying the motions without an evidentiary hearing. See *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 586 (1982) (where the pleadings, affidavits, and record of the prior proceeding are insufficient, factual disputes must be resolved through an evidentiary hearing).

¶ 27                                   *Denial of Motion to Reconsider*

¶ 28        Defendant next claims that the circuit court erred in denying her motion to reconsider the October 26, 2020, order. Defendant contends that the circuit court should have provided a full

briefing schedule and an evidentiary hearing prior to denying her motion, and should not have barred her from filing any further motions without leave of court.

¶ 29    We note that defendant devotes only a single paragraph to these arguments and does not cite any authority in support of them. Therefore, we have the authority to find this issue forfeited on appeal. *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010) (we have the authority to find that the defendant has forfeited his argument on appeal by failing to develop it or cite any authority to support it). See also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (appellant's brief must contain the appellant's argument "with citation of the authorities" on which she relies).

¶ 30    Moreover, as with the October 5 motions, defendant's motion to reconsider the October 26, 2020, order was based on her challenges to the August 15 and November 14 orders, which we have determined were properly denied by the circuit court on October 26. Thus, her contention that she should have received a full briefing schedule and evidentiary hearing did not serve as a reason for granting the motion to reconsider. We also can find no error in the circuit court's determination that defendant would no longer be permitted to file motions without leave of court. A court has the inherent authority to control its own docket, and may enter orders to that effect. See *Short Brothers Construction, Inc. v. Korte & Luitjohan Contractors, Inc.*, 356 Ill. App. 3d 958, 950 (2005) (orders such as subpoenas, discovery orders, and orders relating to the control of the court's own docket are part of the inherent power possessed by any court). Thus, the circuit court here was well within its authority to require defendant to obtain leave of court before filing any additional motions.

¶ 31                    *Denial of Motion for Leave to File Motion to Approve Bystander's Report*

¶ 32          We next consider defendant's challenge to the circuit court's denial of her "Motion for Leave to File Motion to Approve Bystander's Report of the October 26, 2020 Proceedings," in which defendant sought permission to file a proposed bystander's report of the October 26 proceedings concerning her October 5 motions. According to defendant, her October 5 motions were set for presentment on October 26, 2020; on that date, defendant was present in court, but anticipated only the setting of a briefing schedule, so neither her attorney nor a court reporter were present. Instead, the circuit court denied the motions. On December 28, 2020, defendant filed a motion seeking leave to file a motion to approve a bystander's report of the October 26 proceedings.[4] On June 19, 2021, the circuit court denied defendant's motion, noting that the proceedings were recorded on Zoom and that defendant was welcome to attempt to obtain a court reporter's transcript in that way. In her brief, however, defendant claims that there was no recording of the hearing available from the circuit court.

¶ 33          Where there is no verbatim transcript of a court proceeding available, Supreme Court Rule 323(c) provides that "the appellant may prepare a proposed report of proceedings from the best available sources, including recollection." Ill. S. Ct. R. 323(c) (eff. July 1, 2017). After serving the other party and permitting the opportunity for amendments, the appellant must present the proposed report to the circuit court for settlement and approval and the court "shall promptly settle, certify, and order filed an accurate report of proceedings." *Id.* Where the proposed bystander's report does not accurately reflect what occurred before the circuit court, the judge may refuse to certify the report. *Silverstein v. Grellner*, 15 Ill. App. 3d 695, 697 (1973).

---

[4] The circuit court previously ordered that defendant could no longer file any motions without leave of court, so defendant's motion was not a motion to approve the bystander's report but was a motion for leave to file that motion.

¶ 34       As an initial matter, it is not clear whether defendant's motion for leave to file the motion to approve the bystander's report complied with the requirements for filing a bystander's report set forth in Rule 323(c). Defendant purportedly prepared and e-mailed a seven-page proposed bystander's report to the association's counsel and the judge on October 26, 2020.[5] Defendant's motion for leave to file the motion approving the bystander's report, however, was not filed until December 28, 2020, after her December 21, 2020, notice of appeal in appeal No. 1-20-1373.

¶ 35       Rule 323(c) provides specific requirements as to the timing of the procedure for certifying a bystander's report, providing that (1) the proposed bystander's report must be served on all parties within 28 days after the notice of appeal is filed; (2) the other party may serve proposed amendments or an alternative proposed report within 14 days after service of the proposed report; and (3) the appellant shall present the proposed report and any proposed amendments to the circuit court for approval and certification "[w]ithin 7 days thereafter." Ill. S. Ct. R. 323(c) (eff. July 1, 2017). Where an appellant has failed to comply with these requirements, the proposed report submitted by the appellant cannot serve as a substitute for a report of proceedings. See, *e.g.*, *In re Parentage of G.E.*, 2016 IL App (2d) 150643, ¶ 16 (circuit court erred in certifying a proposed bystander's report where the appellee was not provided a copy of the proposed report); *Department of Transportation v. Drobnick*, 54 Ill. App. 3d 987, 991 (1977) (circuit court properly struck proposed bystander's report where the appellant did not present it to opposing counsel or the court but instead directly filed it with the clerk of the court). While we note that Rule 323(c) contemplates that an appellant will prepare a proposed

---

[5] The record on appeal contains a copy of the e-mail, but the e-mail does not indicate whether there are any attachments, so we are unable to determine the precise contents of the communication.

bystander's report after the filing of a notice of appeal, it does not appear to prohibit preparation of the proposed bystander's report at an earlier time, as occurred in the instant case.[6] Here, if defendant served her proposed bystander's report on opposing counsel on October 26, 2020, the association had until November 9, 2020, to submit any proposed amendments and defendant had until November 16, 2020, to present the proposed bystander's report to the circuit court. As noted, however, defendant did not file her motion for leave to file a motion approving the bystander's report until December 28, 2020, over a month later. Consequently, her motion would have been untimely and the circuit court would have been well within its discretion to deny her leave to file it.[7]

¶ 36    Moreover, even assuming that her motion was timely filed, we cannot find that the circuit court erred in denying her leave to file a motion for leave to approve the bystander's report. As noted, Rule 323(c) requires that the court "shall promptly settle, certify, and order filed an accurate report of proceedings." Ill. S. Ct. R. 323(c) (eff. July 1, 2017). Here, there is no indication whether the proposed bystander's report prepared by defendant represents an accurate report of the proceedings. The proposed report, which is included in the record on appeal, indicates that the October 26, 2020, hearing consisted solely of argument from the parties. We have no basis for determining whether defendant's characterization of those

---

[6] Prior to 1990, Rule 323(c) provided that, after a proposed bystander's report was served on the opposing party, that party had "28 days after the notice of appeal is filed" to submit amendments. Ill. S. Ct. R. 323(c) (eff. Apr. 1, 1982). However, since 1990, the opposing party may propose amendments "[w]ithin 14 days after service of the proposed report of proceedings." Ill. S. Ct. R. 323(c) (eff. Nov. 1, 1990).

[7] We also note that, even if we presumed the date of the filing of the notice of appeal was the date on which the proposed bystander's report was served on opposing counsel, defendant's motion still would not have been properly filed. Defendant's notice of appeal was filed on December 21, 2020, which means that the association would have had until January 4, 2021, to submit proposed amendments. Defendant, however, filed her motion for leave to file the motion approving the bystander's report on December 28, 2020, before that time period had expired.

13

arguments, or of the circuit court's rulings in response to those arguments, are accurately represented by the proposed report. Accordingly, we cannot find that the circuit court erred in denying defendant leave to file a motion to approve the proposed report. See *Silverstein*, 15 Ill. App. 3d at 697 (where the proposed bystander's report does not accurately reflect what occurred before the circuit court, the judge may refuse to certify the report).

¶ 37                                                                  *Quashing of Subpoenas*

¶ 38        Finally, defendant claims that the circuit court erred in several discovery matters. On October 26, 2020, the circuit court quashed subpoenas that defendant had issued to the clerk of the circuit court of Cook County and to the Cook County sheriff's office, and struck requests for production of documents and requests to admit that defendant had propounded on the association. Again, defendant devotes only a single paragraph to this argument and does not cite any authority in support of her argument and, therefore, we have the authority to find this issue forfeited on appeal. *Velocity Investments*, 397 Ill. App. 3d at 297; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). We will address defendant's argument, however, as it is one that requires only brief discussion.

¶ 39        A circuit court is afforded considerable discretion in discovery matters, and we will not disturb its decision absent an abuse of that discretion. *Carlson v. Michael Best & Friedrich LLP*, 2021 IL App (1st) 191961, ¶ 75. A circuit court abuses its discretion "where its ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would adopt the court's view." *Id.* (citing *Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill. App. 3d 504, 513 (2005)). In the instant case, defendant's proposed discovery all concerned the validity of the June 18 order of possession and the August 15 corrected order. As discussed above, however, these matters were previously resolved by defendant's earlier appeal and defendant could no longer

14

challenge them. Consequently, we cannot find that the circuit court abused its discretion in denying defendant discovery on that subject.

¶ 40                                             CONCLUSION

¶ 41         For the reasons set forth above, the circuit court's judgment is affirmed, where defendant's challenges to the August 15 and November 14 orders are barred by *res judicata* and her remaining claims are without merit.

¶ 42         Affirmed.