2023 IL App (1st) 220025-U

FOURTH DIVISION
Order filed: May 25, 2023

No. 1-22-0025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| DENISE BREWER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS J. DART, in His Official Capacity as Cook County Sheriff, and IRIS MARTINEZ, in Her Official Capacity as Cook County Clerk of the Circuit Court, | ) ) ) | |
| | ) | |
| Defendants-Appellees, | ) | No. 21 CH 1456 |
| | ) | |
| KALEM RASHID, PHILLIP MONTGOMERY, BEVERLY HAMILTON ROBINSON, TIMOTHY WATSON, EAST LAKE CONDOMINIUM ASSOCIATION, an Illinois corporation, RICHMAN, GOLDBERG, & GORHAM, LLC, an Illinois Limited Liability Company, EMILY CANNATA, and ADAIR MACAULEY, | ) ) ) ) ) ) ) ) | |
| | ) | Honorable |
| | ) | Pamela McLean Meyerson, |
| Respondents in Discovery. | | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the portion of the circuit court's order dismissing counts one through seven of the appellant's amended complaint because they are barred by collateral estoppel as improper attacks on a prior judgment, but we reverse the portion of the court's order dismissing counts eight through thirteen because they concern issues that were not decided in the prior judgment.

¶ 2    This appeal concerns an action filed by appellant Denise Brewer seeking various forms of declaratory and monetary relief related to the East Lake Condominium Association's ("East Lake") 2019 eviction of Brewer from her condominium unit. The circuit court dismissed Brewer's action with prejudice on the grounds that it was barred as an improper collateral attack on the prior eviction judgment. We agree with that conclusion as to some of Brewer's claims, but we reverse the dismissal of those that do not appear to be barred by the prior judgment.

¶ 3    Brewer was the owner of a condominium unit in a building located at 6801 South Crandon Avenue in Chicago. In March 2019, East Lake filed a complaint in the Circuit Court of Cook County seeking a judgment for outstanding assessments as well as possession of Brewer's unit. After attempts to personally serve Brewer with the complaint failed, the court allowed East Lake to effect service by publication. Soon thereafter, on June 18, 2019, the circuit court entered an *ex parte in rem* eviction order granting East Lake possession of "2801 S. Crandon, unit 1" and ordering Brewer to vacate the premises by August 20, 2019 ("the Original Eviction Order"). The order also provided for a money judgment against "2801 S. Crandon, unit 1."

¶ 4    On June 30, 2019, East Lake filed a motion to correct scrivener's error in which it noted that the Original Eviction Order had incorrectly referenced "2801 S. Crandon, unit 1" rather than the correct address of 6801 S. Crandon, Unit 1, and sought correction of that error. However, the circuit court did not dispose of that motion by written order; instead, the record contains a half-sheet from an August 15, 2019, hearing containing the following notation: "π's M to Correct

6/18/19 O/P G," with the "G" circled. The parties agree that this note evidences that East Lake's motion to correct the scrivener's error was granted. Additionally, while it does not appear separately as its own entry in the record on appeal, a copy of an amended eviction order ("the Amended Eviction Order") was attached to several filings made by the parties. It appears to be a copy of the original June 18 order of possession with the "2801 S. Crandon" address crossed out and "6801 S. Crandon" written in its place. The judge's initials appear next to the changes, but there is no indication as to the date of the changes, and there is also no separate date stamp reflecting the date of the correction; the only date stamp is the original from June 18.

¶ 5    On September 16, 2019, Brewer made her first appearance in the case and moved to quash service of process. The circuit court ultimately denied Brewer's motion, but, more notably, during a November 14 hearing on the motion, the court provided some clarity regarding the August 15, 2019, half-sheet notation, stating: "For judicial notice, there was an appearance here on August 15, 2019, where [East Lake] was in court. [East Lake] moved to correct the [scrivener's] error on the Order of Possession that was issued on June 18, 2019. And that motion was granted. That was on August 15th."

¶ 6    On November 19, 2019, Brewer filed a notice of appeal of the circuit court's November 14 order denying her motion to quash, docketed as appeal 1-19-2359, which she later amended to also contest the "purported August 15, 2019 order" granting East Lake's motion to correct the scrivener's error ("the 2019 Appeal"). Brewer filed motions for a stay of the order of possession, which were denied, and Brewer was evicted from her unit on November 22, 2019. On March 17, 2020, the 2019 Appeal was dismissed for want of prosecution, and Brewer's subsequent petition for leave to appeal to the Illinois Supreme Court was denied in September 2020.

¶ 7 On October 5, 2020, Brewer filed a "Petition for New Hearing, to Vacate the May 9, 2019 Order, June 13, 2019 Order, June 18, 2019 Ex Parte Judgment and the Purported August 15, 2019 Ex Parte Judgment and Order and Other Relief," pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). In that petition, Brewer argued, among other things, that the August 15, 2019, half-sheet was never placed in the court record, thereby denying her the ability to make arguments regarding that order, and that she did not receive proper notice of the August 15 hearing. On the same day, Brewer also filed a "Motion to Quash August 15, 2019 Orders," claiming that she had not been properly served with East Lake's July 30, 2019, motion to correct scrivener's error. On October 26, 2020, the circuit court denied both the petition and the motion, and on December 18, 2020, the court denied Brewer's ensuing motion to reconsider. The court also barred Brewer from any future filings without permission of the court.

¶ 8 On December 21, 2020, Brewer filed a notice of appeal of the circuit court's October 26 and December 18 orders ("the 2020 Appeal). Brewer raised multiple challenges in that appeal. Most relevant to the present case were arguments concerning the circuit court's August 15, 2019, order amending the order of eviction and the court's November 14, 2019, order denying Brewer's motion to quash service of process. This court held, in relevant part, that Brewer's challenges to those orders were barred by *res judicata* because she had previously appealed those orders in the 2019 Appeal, and the dismissal of that appeal for Brewer's failure to prosecute has a preclusive effect on subsequent appeals. See *East Lake Condominium Ass'n v. Brewer*, 2022 IL App (1st) 201373-U, ¶¶ 20–21 (unpublished order under Supreme Court Rule 23).

¶ 9 On March 26, 2021, while the 2020 Appeal was still pending, Brewer initiated the present case with a complaint against appellees Thomas Dart, in his official capacity as Cook County

Sheriff, and Iris Martinez, in her official capacity as Cook County Clerk of the Circuit Court. In her operative amended complaint, Brewer raised thirteen counts for various forms of relief, including declaratory judgments and monetary damages. In addition to the named defendants, Dart and Martinez, Brewer also listed the following parties as respondents in discovery, as provided by section 2-402 of the Code (735 ILCS 5/2-402 (West 2020)): East Lake; East Lake board members Kalem Rashid, Phillip Montgomery, Beverly Hamilton Robinson, and Timothy Robinson (collectively "the Board Members"); the law firm that represented East Lake in the 2019 eviction case, Richman, Goldberg, and Gorham, LLC ("RGG"); and two of RGG's attorneys, Emily Cannata and Adair Macauly.

¶ 10    In the thirteen counts contained in Brewer's amended complaint, Brewer sought: (1) a declaratory judgment against East Lake and the Board Members declaring that the Amended Eviction Order was never "entered" by the circuit court and that, consequently, East Lake acted improperly when it gave the Amended Eviction Order to Dart's office to effectuate the eviction; (2) a declaratory judgment against RGG and its attorneys declaring that the Amended Eviction Order was never "entered" by the court and that, consequently, RGG, as counsel for East Lake, acted improperly by facilitating the eviction; (3) a declaratory judgment against Martinez declaring that the clerk's office was not authorized to certify the Amended Eviction Order because it had not been "entered" by the court; (4) a declaratory judgment against Dart declaring that the sheriff acted improperly in carrying out the eviction because the Amended Eviction Order had not been "entered" by the court; (5) damages from East Lake and the Board Members for wrongful eviction in violation of the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2018)) because the board wrongfully dispossessed Brewer of her unit without lawful justification, again because

the Amended Eviction Order had not been "entered" by the court; (6) damages from East Lake and the Board Members for intentional trespass for entering Brewer's unit without lawful justification, again because the Amended Eviction Order had not been "entered" by the court; (7) damages from RGG and its attorneys for fraud for representing to Martinez's office that the Amended Eviction Order was a valid order that could be certified, when the Amended Eviction Order had not been "entered" by the court; (8) and (9) damages from RGG and its attorneys for violations of the federal Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 *et seq.* (2019)) for the attorneys' failure to provide a verification of the amount of Brewer's debt upon request, for the attorneys' attempt to recover excess attorney's fees beyond the amount authorized by the court in the eviction action, and for the attorneys' misrepresentations regarding the amount of Brewer's debt; (10) damages from East Lake and the Board Members for violations of the FDCPA for misrepresenting the nature of Brewer's debt; (11) and (12) damages from East Lake, the Board Members, and RGG and its attorneys for violations of the Illinois Collection Agency Act[1] (CAA) (205 ILCS 740 *et seq.* (West 2018)) for misrepresenting the nature of Brewer's debt; and (13) damages from East Lake and the Board Members for property damage for their failure to maintain the building's common areas from 2018 to the present, which allegedly caused physical damage to Brewer's unit.

¶ 11     On June 20, 2021, Dart moved to dismiss Brewer's complaint with prejudice under section 2-619(a)(4) of the Code, arguing that Brewer's claims were barred by either *res judicata* or collateral estoppel. Following a hearing on the motion at which it heard argument from the parties,

---

[1] Brewer's amended complaint refers to the legislation at issue as the "Consumer Fraud Act," but she specifically cites "225 ILCS 425," which was the former citation for the Collection Agency Act, which is now cited as 205 ILCS 740.

the court entered an order granting Dart's motion. The court dismissed Brewer's amended complaint in its entirety with prejudice, explaining: "[T]his case is barred by a prior judgment. Essentially, this suit is an impermissible collateral attack on the Circuit Court's judgment in *** [the 2019 eviction case] and on the enforcement of that judgment. This is properly the subject of an appeal, not a new lawsuit." This appeal follows.

¶ 12    "[A] motion to dismiss under section 2-619 *** admits the legal sufficiency of the complaint and raises defects, defenses or other affirmative matter[s] which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim." *Neppl v. Murphy*, 316 Ill. App. 3d 581, 583 (2000) (citing *Joseph v. Chicago Transit Authority*, 306 Ill. App. 3d 927, 930 (1999)). In this case, Dart alleged in his motion to dismiss under subsection (a)(4) that Brewer's causes of action were barred by a prior judgment. We review the court's order granting Dart's rule 2-619 motion *de novo*. *Id.*

¶ 13    We agree with the circuit court's conclusion that Brewer's amended complaint contains claims that are predicated on attacking the validity of the 2019 eviction and are, therefore, barred under section 2-619(a)(4), but we disagree that all thirteen claims qualify as attacks on the prior judgment.

¶ 14    In his motion to dismiss, Dart asserted that Brewer's amended complaint was barred by either *res judicata* or collateral estoppel, with Dart arguing that Brewer was improperly attempting to relitigate the 2019 eviction. The first of these options, the doctrine of *res judicata*, does not apply in this case. It provides that a cause of action is barred when the following three elements are present: "(1) a final judgment on the merits must be rendered by a court of competent jurisdiction, (2) there must be identity of the cause of action, and (3) there must be an identity of

parties or their privies." *American Freedom Insurance Co. v. Garcia*, 2021 IL App (1st) 200231, ¶ 41 (citing *Direct Auto Insurance Co. v. Bahena*, 2019 IL App (1st) 172918, ¶ 58). In this case, we do not have an identity of the parties, nor do we have an identity of the cause of action. The 2019 eviction case was an action between East Lake and Brewer, whereas the present suit is between Brewer, Dart, and Martinez (with additional potential claims against respondents in discovery East Lake, the Board Members, RGG, Cannata, and Macauly, none of whom had yet been converted to defendants at the time of the amended complaint's dismissal). Further, the eviction case was an action to collect unpaid assessments and to take possession of real property, while the present case is an action for declaratory judgments and damages related to alleged torts and violations of federal and state debt-collection laws. As a result, all three elements of *res judicata* are not present.

¶ 15    However, while *res judicata* does not apply as a bar to Brewer's claims, the related doctrine of collateral estoppel does, at least for counts one through seven. Unlike *res judicata*, which bars relitigation of *claims* or *causes of actions* between the same parties, collateral estoppel bars the relitigation of *issues* by a party against whom a judgment was entered. See *Illinois Health Maintenance Organization Guarantee Ass'n v. Department of Insurance*, 372 Ill. App. 3d 24, 41 (2007); *Bagnola v. SmithKline Beecham Clinical Laboratories*, 333 Ill. App. 3d 711, 717 (2002). "For collateral estoppel to apply, (1) the issue decided in the prior litigation must be identical to the one in the instant case, (2) the prior adjudication must have been a final judgment on the merits, and (3) the party against whom estoppel is asserted must have been a party to the prior adjudication or in privity with such a party." *Garcia*, 2021 IL App (1st) 200231, ¶ 42 (citing *Hope Clinic for Women, Ltd. v. Flores*, 2013 IL 112673, ¶ 77).

¶ 16   Each of the first seven counts in Brewer's amended complaint are, in essence, attempts to relitigate the 2019 eviction, and each of the three elements of collateral estoppel are satisfied for those seven counts. Although the claims seek declaratory judgments or assert that torts have been committed against her and are, therefore, different causes of action than those that were at issue in the eviction case, each of the first seven claims in the amended complaint depend on Brewer establishing that the Amended Eviction Order that was the basis for her eviction was not "entered" by the court and was, therefore, unable to support her eviction or the various actions taken by her opposing parties that she alleges were improper. Each claim requires Brewer to challenge the validity of the eviction, an issue that has been conclusively and finally determined by virtue of the final judgment in the 2019 eviction action. Such a challenge to an issue that was previously litigated and adjudicated with a final judgment cannot be litigated again. See *American National Bank & Trust Co. of Chicago v. Zoning Board of Appeals, City of Chicago*, 12 Ill. App. 3d 794, 798 (1973) ("[Collateral estoppel] is applicable where the cause of action in the prior suit differs, but a specific issue has been determined in that suit and the same issue is again involved in a subsequent suit between the parties or their privies.").

¶ 17   If Brewer wanted to challenge the eviction judgment, her remedy was an appeal, and she lost that ability to appeal the judgment following the dismissal of the 2019 Appeal in which Brewer had expressly stated in the notice of appeal that she was appealing the "purported August 15, 2019 order" granting East Lake's motion to correct the scrivener's error. See *Brewer*, 2022 IL App (1st) 201373-U, ¶¶ 20–21 ("Thus, where the failure to file an appellate brief results in the involuntary dismissal of his appeal, an appellant is barred from revisiting the issue in a subsequent appeal. *** Here, defendant's notices of appeal in [the 2019 Appeal] indicated that she was appealing the

circuit court's August 15 and November 14 orders. Accordingly, the dismissal of that appeal bars any further challenge to those orders in the instant appeal, and we need not consider defendant's arguments concerning those orders."). Additionally, Brewer has previously filed a section 2-1401 petition for relief from judgment, the denial of which was affirmed on appeal. See *Brewer*, 2022 IL App (1st) 201373-U.

¶ 18     Accordingly, we agree with the circuit court's ruling as to counts one through seven and hold that those counts in Brewer's amended complaint are barred by collateral estoppel. Therefore, we affirm the dismissal of those claims under section 2-619(a)(4). See *Yorulmazoglu v. Lake Forest Hospital*, 359 Ill. App. 3d 554, 558 (2005) (noting that dismissal under section 2-619(a)(4) is proper when an action is barred by collateral estoppel).

¶ 19     While we agree with the dismissal of counts one through seven, we cannot say the same for counts eight through thirteen. Unlike the first seven counts, counts eight through thirteen do not depend on Brewer relitigating anything that was settled in a previous case. Rather, counts eight through twelve allege that certain statements and actions by East Lake, the Board Members, RGG, and the RGG attorneys violated federal and state debt-collection statutes, and count thirteen seeks redress for alleged property damage. None of these issues appear to require a challenge to the 2019 eviction judgment to the extent that they are barred by *res judicata* or collateral estoppel, as is the case for the first seven counts. To the contrary, the allegations supporting counts eight through twelve include events that occurred in November and December of 2019, after the entry of the eviction judgment and after Brewer was actually evicted from her condo. As for count thirteen, none of the defendants or respondents in discovery have presented us with any authority establishing that Brewer's claim seeking redress for property damage allegedly caused by East

Lake is necessarily foreclosed by her eviction. These appear to be new issues that have not been previously adjudicated and are not barred by a prior judgment. Accordingly, dismissal of these claims on section 2-619(a)(4) grounds was improper.

¶ 20     In reversing the dismissal of counts eight through thirteen, we note that we make no comment on the potential merit of any of those claims. Our reversal of the court's ruling on those counts is limited, and we hold merely that, based on the record before us and the arguments of the parties that have appeared in this appeal, the claims at issue in counts eight through thirteen do not appear to be barred by a prior judgment, and as a result their dismissal under section 2-619(a)(4) is inappropriate at this time.

¶ 21     In sum, we affirm the dismissal of counts one through seven of Brewer's amended complaint as barred by collateral estoppel, and we reverse the dismissal of counts eight through thirteen as not being barred by a prior judgment. We remand the case to the circuit court for further proceedings.

¶ 22     Affirmed in part and reversed in part. Cause remanded.