2023 IL App (1st) 221701-U

No. 1-22-1701

Third Division
December 27, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| EAST LAKE CONDOMINIUM ASSOCIATION, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | Appeal from the Circuit Court of Cook County. |
| v. | ) ) | No. 2019 M1 704695 |
| DENISE BREWER and ALL UNKNOWN OCCUPANTS, | ) ) ) | The Honorable Anthony C. Swanagan, |
| Defendants | ) ) | Judge Presiding. |
| (Denise Brewer, Defendant-Appellant). | ) ) ) ) | |

_____

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1     *Held:*  The circuit court's denial of defendant's motion for leave to file several motions and petitions is affirmed where the proposed filings concerned matters which were barred by *res judicata*, and its denial of defendant's petition for substitution of judge for cause is affirmed where the circuit court properly determined that the petition was moot.

¶ 2    Plaintiff East Lake Condominium Association (the association) filed an eviction lawsuit against defendant Denise Brewer (defendant) after defendant failed to pay outstanding homeowners' association fees for her condominium unit. The original order granting possession of defendant's unit contained the incorrect address, and the association sought an order correcting the error. The circuit court corrected the address on the face of the original order, crossing out the old address and inserting the correct address. Based on the corrected order, defendant was evicted from her unit. Defendant appealed her eviction but failed to prosecute her appeal, leading to its dismissal. *East Lake Condominium Ass'n v. Brewer*, 2022 IL App (1st) 201373-U, ¶ 12. Defendant later filed another appeal, again challenging her eviction in addition to subsequent orders entered by the circuit court, and we affirmed the circuit court's judgment. *Id.* ¶ 41. After the second appeal, defendant filed a motion for leave to file another series of petitions and motions before the circuit court, which was denied. Defendant now appeals the circuit court's denial of her motion and, for the reasons that follow, we affirm.

¶ 3                                    BACKGROUND

¶ 4    As noted, the instant lawsuit has been before this court several times, and our 2022 decision contains a thorough chronology of the course of the litigation. See *id.* ¶¶ 4-15. We relate here only the facts necessary for an understanding of the issues on appeal, taking our facts from our prior decision where applicable.

¶ 5                               *Filing of Lawsuit*

¶ 6    Defendant is the owner of a condominium unit located at 6801 South Crandon Avenue in Chicago. On March 22, 2019, the association filed a verified complaint against defendant, alleging that defendant had failed to pay approximately $7600 in assessments and common

charges. The association sought a judgment against defendant in the amount of the outstanding assessments and common charges, plus attorney fees, as well as an order granting possession of the unit to the association. The sheriff's office and a special process server were unable to serve defendant, and defendant was ultimately served by posting in May 2019.

¶ 7        On June 18, 2019, the circuit court entered an *ex parte in rem* eviction order (the June 18 order of possession), which provided that the association was given possession of the property located at "2801 S. Crandon, unit 1" and ordering defendant to vacate the property by August 20, 2019. The order further provided that judgment of $10,274.69 was entered against "2801 S. Crandon, unit 1."

¶ 8        On July 30, 2019, the association filed a "Motion to Correct Scrivener's Error," claiming that the June 18 order of possession incorrectly referenced "2801 S. Crandon" rather than "6801 S. Crandon."[1] Consequently, the association sought leave to correct the error in the June 18 order to reflect the correct address. There is no order disposing of the association's motion contained in the record on appeal, but the half-sheet contains the following notation on August 15, 2019: "π's M to Correct 6/18/19 O/P G" with the "G" circled. Both parties agree that this notation means that the plaintiff association's motion to correct the June 18 order of possession was granted. Additionally, while it does not appear separately in the record on appeal, a copy of the corrected order was attached to several filings made by the parties. The corrected order appears to be a yellow copy of the original June 18 order of possession, with the "2801 S. Crandon" address crossed out and "6801 S. Crandon" written in its place; the judge's initials appear next to the changes, but there is no indication as to the date of the changes. There is

---

[1] The parties agree that 2801 South Crandon Avenue does not exist and, if it did, would be located somewhere in Lake Michigan. We take judicial notice that Crandon Avenue does not extend any further north than 67th Street. See *Peters v. Riggs*, 2015 IL App (4th) 140043, ¶ 49 (a court may take judicial notice of geographical facts).

also no separate file-stamp date on the corrected order; the only file-stamp is the original June 18 file-stamp.

¶ 9    On September 16, 2019, defendant filed a motion to quash, claiming that service was improper and, therefore, the circuit court lacked jurisdiction to enter the June 18 order of possession. As part of its response to defendant's motion to quash, the association claimed that, on August 15, 2019, "[t]he court granted leave to correct the June 18, 2019 Eviction Order on its face, and did not require entry of a separate, new order." The association further claimed that a copy of the corrected order was sent to defendant, and a copy was attached to the association's response. In her reply, defendant claimed that the corrected order did not appear in the court file, and that she never received the order prior to its being attached to the association's response.

¶ 10    On November 14, 2019, the circuit court conducted an evidentiary hearing on defendant's motion to quash, at which defendant, the special process server, and the attorney who completed the affidavit for service by posting all testified and after which the circuit court denied the motion to quash. During the hearing, defendant testified that there was no order dated August 15, 2019, contained in the court files when she examined them. The court then interjected: "For judicial notice, there was an appearance here on August 15, 2019 where the Plaintiff was in court. Plaintiff moved to correct the [scrivener's] error on the Order of Possession that was issued on June 18, 2019. And that motion was granted. That was on August 15th."

¶ 11                                      *2020 Appeal*

¶ 12    On November 15, 2019, defendant filed a notice of appeal (appeal No. 1-19-2359, which we refer to as the 2020 appeal), appealing the circuit court's November 14, 2019, order;

4

defendant later amended her notice of appeal to indicate that she was also appealing the "purported August 15, 2019 order." Defendant's motions for a stay of the order of possession were denied, and defendant was evicted from her unit on November 22, 2019.

¶ 13　　The record on appeal contains few documents concerning the proceedings from the 2020 appeal, but our records show that defendant failed to file an appellant's brief, leading the association to file a motion to dismiss the appeal, which was granted on March 17, 2020. Defendant filed a motion to vacate the order dismissing the appeal, which was denied. Defendant also filed a petition for leave to appeal in the Illinois Supreme Court, which was denied in September 2020.

¶ 14　　　　　　　　　　*Circuit Court Proceedings After 2020 Appeal*

¶ 15　　On October 5, 2020, defendant filed a "Petition for New Hearing, to Vacate the May 9, 2019 Order, June 13, 2019 Order, June 18, 2019 Ex Parte Judgment and the Purported August 15, 2019 Ex Parte Judgment and Order and Other Relief," pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). On the same day, defendant filed a "Motion to Quash August 15, 2019 Orders," claiming that she had not been properly served with the association's July 30, 2019, motion to correct scrivener's error.

¶ 16　　On October 26, 2020, the circuit court denied defendant's motions. The same day, defendant filed a motion to reconsider, claiming that the court erred in denying her motions without an evidentiary hearing. The circuit court denied defendant's motion to reconsider on December 18, 2020, finding it lacked jurisdiction to consider the matter since the eviction was effectuated in November 2019, and also barred her from any future filings without the permission of the court. On December 21, 2020, defendant filed a notice of appeal (appeal No. 1-20-1373), appealing the circuit court's October 26 and December 18 orders.

¶ 17    On December 28, 2020, defendant filed a motion for leave to file a motion to approve a proposed bystander's report of the October 26 court proceedings. The circuit court denied defendant's motion on January 19, 2021, and defendant subsequently filed a notice of appeal (appeal No. 1-21-0083) from that order. We consolidated the two appeals on March 16, 2021 (which we refer to collectively as the 2022 appeals).

¶ 18                            *2022 Appeals*

¶ 19    On appeal, we found that several of defendant's claims were barred by *res judicata*, as defendant had challenged the August 15, 2019, and November 14, 2019, orders in her initial appeal, even though she ultimately failed to prosecute that appeal. See *East Lake*, 2022 IL App (1st) 201373-U, ¶ 21. We found her other claims to be without merit, determining, in part, that the circuit court was "well within its authority to require defendant to obtain leave of court before filing any additional motions." *Id.* ¶ 30. Accordingly, we affirmed the circuit court's judgment in its entirety. *Id.* ¶ 41.

¶ 20             *Circuit Court Proceedings After 2022 Appeals*

¶ 21    While the 2022 appeals were pending, defendant filed several motions which were stricken by the circuit court for lack of jurisdiction on October 21, 2021, and the circuit court again reminded defendant that she was not permitted to file any further matters without leave of court, advising that if she continued to do so, she would be held in contempt of court.

¶ 22    On August 19, 2022, after the issuance of the mandate in the 2022 appeals, defendant filed a number of motions and petitions, including (1) a petition for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) (the petition for sanctions), (2) a "First Amended Emergency Ex Parte Verified Petition for a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction" (the TRO petition), (3) a motion for attorney William

Hatchett to appear *pro hac vice* (the *pro hac vice* motion), and (4) a petition for substitution of judge for cause (the SOJ petition). On the same day, defendant also filed an "Emergency Motion For Leave To File Motions and Pleadings," seeking leave to file the above four motions and petitions, as required by the circuit court's October 21, 2021, order. Defendant claimed the matter was an emergency, as the association was threatening to remove defendant's personal belongings from her unit.

¶ 23     Each of defendant's motions and petitions were based on the same fundamental premise, namely, the claim that the association's eviction order was never properly entered and was therefore invalid. In the petition for sanctions, defendant contended that the association's counsel made "completely and utterly false" statements regarding the release of a prior appeal bond posted by defendant and in responding to requests to admit. Specifically, defendant argued that counsel represented, in part, that an *in rem* eviction order had been entered in June 2019 in favor of the association. In the TRO petition, defendant sought an injunction "to prevent the continued unlawful enforcement of the altered June 18, 2019 Order of Eviction that was never entered by the Trial Court." In the *pro hac vice* motion, defendant sought the appearance of non-Illinois counsel to represent her in litigating two motions to deem facts admitted, which concerned the validity of the underlying eviction order. Finally, in the SOJ petition, defendant sought the substitution of the judge who had entered the eviction order, claiming, in part, that the judge's "obstinate refusal to acknowledge that in violation of Illinois law he attempted to 'change' an order of eviction that had already been entered more than thirty days, and thereafter failed to enter an amended order of eviction on August 15, 2019 is beyond reproach [*sic*], and has affected the fairness, integrity, or public reputation of the judicial proceedings."

¶ 24        On August 22, 2022, the circuit court gave the association until September 19, 2022, to respond to defendant's motion for leave to file, as well as to file a conditional response to the SOJ petition. In its responses, the association contended that defendant's motions relied on challenging the underlying eviction order, an issue which had been resolved, as well as a misreading of the 2022 appellate court decision.

¶ 25        On October 5, 2022, defendant filed a "Motion for Default, Motion to Strike and Default Prove-Up Instanter," claiming that the association's response to the SOJ petition was "legally insufficient, and defective in form and substance." Defendant consequently requested an order striking the association's response, entering an order of default, granting the SOJ petition, and transferring the matter to another judge for hearing.

¶ 26        On October 26, 2022, the circuit court entered an order denying defendant's August 19, 2022, motion for leave to file. The circuit court found that defendant's claims revolved around the validity of the eviction order and that this issue had been conclusively decided by the appellate court in our 2022 decision and therefore "cannot be revisited in [the circuit] court." The circuit court, accordingly, denied defendant leave to file the August 19, 2022, motions and petitions, and denied her SOJ petition as moot. This appeal follows.

¶ 27                                    ANALYSIS

¶ 28        On appeal, defendant contends that the circuit court erred in denying her leave to file her motions and petitions[2] and in dismissing her SOJ petition as moot. As an initial matter, the

---

[2] We note that the circuit court's order provides that defendant's "motions are hereby denied," leaving the parties apparently unclear as to whether the circuit court denied the motion for leave to file or denied the substantive motions. A close reading of the order, however, makes it clear that the circuit court was referring to the motion for leave to file and the SOJ petition as the "motions" it was denying, as is apparent at the end of the order, where the circuit court finds that "[defendant's] motion for leave to file further motions is denied, and her substitution motion is denied as moot." We also find no merit to defendant's suggestion that the order is somehow flawed due to the circuit court's reference to "motions" where she sought to file both "motions" and "petitions."

8

association maintains that we lack appellate jurisdiction to consider defendant's claims, so we begin with a discussion of our jurisdiction. The question of whether we have jurisdiction over the instant appeal presents a question of law, which we review *de novo*. *In re Marriage of Demaret*, 2012 IL App (1st) 111916, ¶ 25; *In re Marriage of Gutman*, 232 Ill. 2d 145, 150 (2008).

¶ 29　　In the case at bar, defendant claims that we have jurisdiction under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017),[3] which allows for interlocutory appeals from trial court orders "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." While not cited by defendant, we also note that Rule 307(d) concerns appeals of the granting or denial of a temporary restraining order. Ill. S. Ct. R. 307(d) (eff. Nov. 1, 2017). The issue with defendant's claim of jurisdiction under Rule 307, however, is the fact that Rule 307 is expressly limited to appeals which are interlocutory in nature. See Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017) ("[a]n appeal may be taken to the Appellate Court from an *interlocutory* order of court" (emphasis added)); see also *Gardner v. Mullins*, 234 Ill. 2d 503, 509-10 (2009) (noting that appeals under Rule 307(d), like those under Rule 307(a), "must be interlocutory in nature"). Here, defendant's motion for leave to file the TRO petition was filed after the entry of final judgment; indeed, it was filed after appellate review of the final judgment. Accordingly, Rule 307 does not provide a basis for appellate jurisdiction. See *Gardner*, 234 Ill. 2d at 510.

¶ 30　　Even if Rule 307 does not provide a basis for appellate jurisdiction, however, we are not necessarily divested of jurisdiction, as we have jurisdiction to consider appeals from final

---

[3] Defendant's jurisdictional statement in her opening brief claims that we have jurisdiction under "Supreme Court Rule 307(a)(b)." In her reply brief, however, she concedes that Illinois Supreme Court Rule 307(b) (eff. Nov. 1, 2017) does not provide a basis for jurisdiction and indicates that she is asserting jurisdiction based only on Rule 307(a).

judgments. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); see also *Gardner*, 234 Ill. 2d at 510. While we would be "well within [our] authority" to dismiss defendant's appeal for failure to cite the appropriate rule (*Gardner*, 234 Ill. 2d at 510), we therefore nevertheless consider whether we have jurisdiction pursuant to Rule 301. A judgment is final "if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). This case is unusual in that defendant is, in essence, attempting to stop further enforcement of an already-entered judgment by contending that the underlying eviction order was never validly entered. In denying defendant's motion for leave to file her motions and petitions, the circuit court ended defendant's ability to make such a challenge by finding that "her assertions regarding the validity of [the association's rights to possession] have been conclusively determined by the appellate court and their further consideration here is therefore foreclosed." As the circuit court's order foreclosed any further challenges by defendant, we find that the order may be considered a final order such that we have jurisdiction to consider its propriety on appeal. See *Farmer City State Bank v. Henry*, 138 Ill. App. 3d 854, 858 (1985) (noting that an order awarding, denying, quashing, or refusing to quash the execution of a judgment is a final order). Accordingly, we turn to consideration of the merits of defendant's claims.

¶ 31    A trial court has the inherent authority to control its docket, and may enter orders to that effect. *Dolan v. O'Callaghan*, 2012 IL App (1st) 111505, ¶ 65; *Short Brothers Construction, Inc. v. Korte & Luitjohan Contractors, Inc.*, 356 Ill. App. 3d 958, 960 (2005). In our 2022 decision, we expressly affirmed the circuit court's decision to require defendant to obtain leave before any future filings in this case. See *East Lake*, 2022 IL App (1st) 201373-U, ¶ 30. Here, defendant's claims in her proposed filings all centered on the validity of the underlying eviction

order. As we found in our 2022 decision, however, defendant's challenges to the eviction order are barred by *res judicata*, and this finding represents the law of the case. See *East Lake*, 2022 IL App (1st) 201373-U, ¶ 21. Therefore, the circuit court did not abuse its discretion in denying leave to file motions and petitions which relied on a claim defendant could no longer pursue, including the TRO petition, the petition for sanctions, and the *pro hac vice* motion.[4]

¶ 32    Similarly, we cannot find that the circuit court erred in denying defendant's SOJ petition as moot. An issue is moot "if the interests and rights of the parties are no longer in controversy and the resolution of the issue will have no practical effect." *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 376 (2004). Here, the circuit court's order foreclosed any further proceedings on the eviction and, therefore, a ruling on the SOJ petition would "have no practical effect" (*id.*). We further note, as the association aptly observes, that defendant has already achieved that which she seeks—a transfer to a different judge for ruling on the SOJ petition—as the judge who ruled on the petition was not the judge named in the SOJ petition. Accordingly, we find no error in the circuit court's denial of defendant's SOJ petition as moot.

¶ 33    As a final matter, we must note that defendant's claims in her proposed filings rely on an incorrect reading of our 2022 decision, and we take this opportunity to correct defendant's understanding of the scope of our decision. In that decision, as in the instant one, we set forth the facts, including the following observation:

> "On July 30, 2019, the association filed a 'Motion to Correct Scrivener's Error,'
> claiming that the June 18 order of possession incorrectly referenced '2801 S. Crandon'
> rather than '6801 S. Crandon.' Consequently, the association sought leave to correct
> the error in the June 18 order to reflect the correct address. There is no order disposing

---

[4] As the circuit court discussed the SOJ petition separately, we do so, as well.

of the association's motion contained in the record on appeal, but the half-sheet contains the following notation on August 15, 2019: 'π's M to Correct 6/18/19 O/P G' with the 'G' circled. Both parties agree that this notation means that the plaintiff association's motion to correct the June 18 order of possession was granted. Additionally, while it does not appear separately in the record on appeal, a copy of the corrected order was attached to several filings made by the parties. The corrected order appears to be a yellow copy of the original June 18 order of possession, with the '2801 S. Crandon' address crossed out and '6801 S. Crandon' written in its place; the judge's initials appear next to the changes, but there is no indication as to the date of the changes. There is also no separate file-stamp date on the corrected order; the only file-stamp is the original June 18 file-stamp." *Id.* ¶ 8; *supra* ¶ 8.

¶ 34      Defendant claims that the above paragraph represents "a presumption the document was not entered on August 15," and that "the unstated premise in the Opinion is the Amended Eviction Order was not entered." Defendant, however, seriously misapprehends our decision. This paragraph is merely a description of the facts as reflected in the record on appeal, which is appropriate for the "Background" section of the decision, and there is no finding—implicit or otherwise—as to the effect of the presence or absence of any document contained in the record on appeal in that section. Furthermore, in our "Analysis" section, we made *no* findings as to the legal effect of the August 15, 2019, proceedings, as we found that defendant was barred by *res judicata* from challenging those proceedings. *East Lake*, 2022 IL App (1st) 201373-U, ¶ 21. Accordingly, our 2022 decision cannot in any way be read to have made findings as to the propriety of the August 15, 2019, proceedings, much less to have created "a presumption the document was not entered on August 15."

¶ 35                                          CONCLUSION

¶ 36          For the reasons set forth above, we affirm the circuit court's denial of defendant's motion

for leave to file the TRO petition, the *pro hac vice* motion, and the petition for sanctions, as

well as its denial of defendant's SOJ petition.

¶ 37          Affirmed.